■ In the Matter of the Claim of BENEDETTO BOIANO, Respondent, v DELMA ENGINEERING CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J.

Appeal from an amended decision of the Workers' Compensation Board, filed May 20, 1988.

The employer objects to the finding of the Workers' Compensation Board that claimant has a permanent total psychiatric disability causally related to an industrial accident. It is undisputed that claimant sustained a disabling back injury in 1979. Claimant's psychiatrist expressed the opinion, both in his report and in his testimony, that claimant developed a permanent total psychiatric disability caused at least in part by the back injury and resulting physical disability. Based upon his observations of claimant's physical appearance and gait, the psychiatrist was also of the opinion that claimant was still physically disabled, but he stated unequivocally on cross-examination that his opinion concerning claimant's psychiatric disability would be the same even if the Board were to find that claimant was no longer physically disabled. Based upon the testimony of another medical expert, the Board found that claimant was not physically disabled after March 10, 1980, but based upon the testimony of claimant's psychiatrist, the Board found that claimant was totally disabled due to a causally related psychiatric condition.

The employer contends that since claimant's psychiatrist was of the view that claimant was physically disabled while the Board found no physical disability, the psychiatrist's opinion concerning claimant's psychiatric condition is irrational and unsupported by a rational basis. We disagree, for the Board could readily find that the psychiatrist's opinion concerning claimant's present physical condition played no part in his opinion concerning claimant's psychiatric condition. The expert was unequivocal in his opinion that claimant was disabled due to a psychiatric condition and that claimant developed the psychiatric condition due to the injury and physical disability that concededly resulted from the industrial accident. Contrary to the employer's claim, we conclude that the expert's report and testimony provide the necessary substantial evidence to support the Board's finding.

Amended decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.